## BATES and others *v.* DAYS.

(*Circuit Court, W. D. Missouri.* July 11, 1883.)

1. UNITED STATES COURTS—ATTACHMENT PROCEEDINGS—REV. ST. § 915—PRIORITY.

    Under the provision of section 915 of the Revised Statutes of the United States, a circuit court administers the law of the state in which such court is held regarding attachments; and when property has been attached in a suit in the United States court by the marshal, and the sheriff has levied an attachment issued from a state court on the goods in the hands of the marshal, the priority of the lien of the attaching creditors is to be determined by the state law.

2. SAME—PROPERTY IN HANDS OF MARSHAL—ATTACHMENT FROM STATE COURTS.

    When writs issue from state and federal courts against the same property, the officer first obtaining possession, on being notified that a state court officer has a writ against the same property, should be offered all reasonable facilities to make a full return, and the officer holding the property should show in his return whatever was done by such state officer.

3. FEDERAL COURTS AND STATE COURTS NOT FOREIGN COURTS, OR IN HOSTILITY.

    Federal courts and state courts are not foreign courts, or in hostility to each other, in administering justice between litigants. The citizen of the state in the federal court cannot be deprived of any right he has in a federal court, and the citizen of another state has the same claim to a debtor's property in the state where he resides as a resident, but no more.

At Law.

*Dysart & Foster,* for Rubey.

*Botsford & Williams* and *Mr. Carlile,* for Hemphill and Bailey.

KREKEL, J. The facts in the case are as follows:

Bates, a citizen of New York, sued Days, a citizen of Macon City, Macon county, in the state of Missouri, by attachment on a claim amounting to $3,800, and the United States marshal, on the twentieth day of March, 1882, under a writ, seized a stock of goods, books, notes, and accounts, valued at $12,000, as the property of Days. On the day of the seizure, one Rubey, a citizen of the state of Missouri, as assignee of the Macon City Savings Bank, sued out an attachment in the state court against Days on a claim of the bank for $3,500, and the sheriff of Macon county, to whom the writ was directed, undertook to levy the attachment on the property seized by and in the actual possession of the United States marshal. In his return the sheriff states that he levied the attachment on the stock of goods of Days, subject to the attachment of Bates in the United States court, and that he notified the marshal of the attachment and levy, and that he summoned him as garnishee. Some days after the levy by the sheriff, Hemphill and Bailey, two non-residents of the state of Missouri, sued out an attachment each against Days in this court, and the United States marshal levied the same on the goods which he had seized on the attachment of Bates. The property attached was sold under an order of this court, and about $8,000 realized. The first attachment of Bates, amounting, with costs, to about $4,000, has been paid. There remains in the registry of the court the balance of proceeds, which is claimed by Rubey under his attachment, and by Hemphill and Bailey on their attachments. These adverse claims are the matter in controversy.

The difficulty grows out of the construction of the act of congress regarding attachments, and the application of its provisions to the state laws on the same subject. The laws of Missouri make provis-

ion for two or more attachments issuing out of the same or co-ordinate courts in the state, but are silent as to attachments in United States courts. Rubey, assuming that the state attachment laws prevailed in them, heretofore moved this court for an order directing a transfer of the cases from this to the state court, to have them determined under the state law. This application was denied, because non-residents of the state are entitled to have their controversies determined in the federal courts. Rubey thereupon applied to be made a party to the proceedings in this court, so as to enable him to assert his rights. Leave was granted. Hemphill and Bailey, though later than Rubey in time with their attachments, yet claim the proceeds in controversy, because they say Rubey has no standing in this court. This depends upon the construction given to the federal and state attachment laws. And first of the provisions of the federal statute:

Section 915 provides: "In common-law cases in the circuit and district courts the plaintiff shall be entitled to similar remedies by attachment or other process against the property of defendant which are now provided by the laws of the state in which such court is held for the courts thereof." All other provisions regarding attachments, found in the United States Statutes, pertain to exceptions or limitations, or look to the effective enforcement of state attachment laws. The remedies in the United States courts, under the provisions cited, are to be similar to those provided for the courts of the state. What are the remedies provided by the laws of the state of Missouri in cases such as the present? Section 447 of the Statutes of Missouri is as follows:

"Where the same property is attached in several actions by different plaintiffs against the same defendant, the court may settle and determine all controversies which may arise between any of the plaintiffs in relation to the property, and the priority, validity, good faith, and effect of the different attachments, and may dissolve any attachment, partially or wholly, or postpone it to another, or make such order in the premises as right and justice may require."

If the writs issue from different courts of co-ordinate jurisdiction, such controversies shall be determined by that court in which the first writ of attachment was issued.

Under the provisions of the laws of the United States cited, this court administers the laws of the state of Missouri regarding attachments. That law, as is shown in the provision cited, has amply provided for the case in hand, which requires the determination of the property between Rubey, Hemphill, and Bailey. That Rubey, with his attachment in the state court, was prior in time to Hemphill and Bailey, is not disputed. But it is said that Days' property was in the hands of the United States marshal,—in other words, in the hands of the law,—and therefore could not be attached. This is true, if, by attaching in a case like this, is meant the actual seizing of possession of the property and the taking it out of the hands of the officer. In

this case such seizure was unnecessary, for the property, as stated, was in the hands of the law. Yet something indicating the assertion of this right must be done by Rubey in order to entitle him to a lien or claim on the property and give him standing in this court. Rubey being a citizen of the state of Missouri, could not sue Days in the federal court, because both were citizens of the same state. He was remediless unless the courts of the state afforded him redress. The attachment law did this, and upon suing out the writ and causing the same to be levied, and notifying the United States marshal, as he did, it gave him a lien on the surplus and a standing in this court such as enabled him to assert his rights, which he did in due time. Though the marshal's return shows that he made additional levies in the Hemphill and Bailey cases on the same goods he had seized under the attachment in favor of Bates, yet it is apprehended that if he had returned the second and third,—the Hemphill and Bailey writs,—with the indorsement that since the seizure under the Bates attachment additional writs of Hemphill and Bailey against the same property had come into his hands, and that he held the property subject to these several attachments, such a return would undoubtedly have been good. The executive officers of courts should understand that when writs issue from state and federal courts against the same property, the officer first obtaining possession, on being notified that a state court officer, as in this case, has a writ against the same property, all reasonable facilities should be offered such officer to make a full return, and the officer holding the property should show in his return whatever was done by such state court officer. Federal and state courts are not foreign courts, or in hostility to each other, in administering justice between litigants. The citizen of the state in the federal court is as much in his own court as in the courts of the state. The rights he has he cannot be deprived of in a federal court. The citizen of another state has the same claim to a debtor's property in the state of Missouri as a resident, but no more. In the case before the court, Rubey, being prior in time with his attachment to Hemphill and Bailey, is prior in right.

Attachments of state courts are valid and binding in federal courts, and their priorities are to be ascertained under the laws of the state, where no federal law interferes.

It might well be that the levy, as shown by the return of the sheriff, is good under the fifth subdivision of section 418 of the statute of Missouri, which provides "that when goods and chattels, money or evidences of debt, are to be attached, the officers shall take the same and keep them in his custody, if accessible; and if not accessible, he shall declare to the person in possession thereof that he attaches the same in his hands, and summon such person as garnishee." No stress, however, is laid on this provision preferring the placing of the decision on the broader view of the law as stated.

The authorities cited for the non-resident claimants as to the necessity of an actual seizure to make a valid levy, and the want of such, as well as the insufficiency and illegality of garnishing an officer, are not in point. The property being once in the possession of the law, the court determines the rights of the parties before it having claims thereto. The judgment is in favor of Rubey for the balance in the registry of the court.

---

Upon motion for rehearing in the above cause, McCRARY, J., delivered the following opinion:

Section 447 of the Revised Statutes of Missouri makes careful provision for the adjustment of all questions growing out of the levy of several writs of attachment issued from the same or from different courts upon the same property. The question here is, does it apply to a case where some of the writs issue from a state court and others from a federal court? I am clearly of the opinion that it does. The United States has no attachment law of its own, but its courts are required to administer the remedies by attachment which are provided by the law of the state in which such courts are held. Rev. St. § 915.

We must administer the attachment laws of the state as we find them, and so as to afford to suitors in the federal courts the same remedies afforded to suitors in the state courts; neither more nor less. To exclude the section above named from the attachment law of Missouri, which we are to enforce in the federal courts within that state, would be to favor the non-resident creditor, who can sue in this forum, by giving him an unfair advantage over the resident creditor who must sue in the state court, and who must, of course, abide by that statute. It may be true, as contended by counsel for plaintiffs, that there are difficulties in the way of the enforcement of this statute in the federal courts; but they are not insurmountable. If they were, the result would probably be to deprive this court of jurisdiction in attachment cases. If this court cannot administer the remedies by attachment according to the statute of the state, and afford to suitors *all* the remedies provided by those statutes, it may be doubtful, to say the least, whether it ought to entertain a suit by attachment at all.

The provisions of the attachment law of Missouri providing a mode whereby questions of priority may be determined in such a case as this, are an important part of the state law upon the subject of attachment, and it seems to me that this court should administer the whole statute, and not a part only.

The other question presented relates to the sufficiency of the levy made by the sheriff under the writ of attachment issued from the

state court.   Upon this subject I am satisfied to abide by the reasoning of the district judge in his opinion herein upon the former hearing, fortified and supported as it is by the ruling of the supreme court commission and the supreme court of Missouri, in the precisely analogous case of *Patterson* v. *Stephenson*, April term, 1883.

The motion for rehearing is accordingly overruled·

---

The practice is not for the circuit court judge to hear motions in cases determined by the district judge when sitting in the circuit court, except at the request of the district judge, which was made in this case.