BROOKS *et al. v.* FRY *et al.*

*(Circuit Court, W. D. Arkansas.* February Term; 1891.)

FOLLOWING STATE PRACTICE—ATTACHMENT—LEVIES.

A circuit court of the United States, by reason of the existence of section 915 of the Revised Statutes of the United States, administers the attachment law of the state where such court is held; and when the statute of the state provides for successive levies, as well as for a method of settling all priorities of the several liens arising from successive levies, the marshal of the United States court may make a levy of a writ of attachment *sub modo,* and such levy will be sufficient, when the property is already in the custody of the law by virtue of a prior levy upon a writ issued from a state court, to enable a plaintiff to assert his lien if the attachment is sustained, as it may effect the property remaining after the satisfaction of the first attachment.

*(Syllabus by the Court.)*

At Law.

This is a suit brought by plaintiffs by attachment against the defendants. The writ of attachment was duly issued, and the same was by the marshal levied upon the property of the defendants, but not taken into actual possession by the marshal for the reason that the property was in the actual possession of the sheriff of Crawford county by virtue of prior writs of attachment issued by the circuit court of the state. These facts are recited in the levy of the marshal. The defendants file their motion to quash the levy made, or attempted to be made, in obedience to the writ of attachment issued in said cause, because it was no levy in law, for the reason that the property was already in the possession of the sheriff of Crawford county, and was therefore in custody of a court of competent jurisdiction, and not subject to the levy of the writ of attachment issued in this case by this court; that the marshal could not make a legal levy without taking actual possession of the property, and this he could not do because it was already in the custody of an officer of another court by virtue of a prior valid writ of attachment issued by that court.

*Sandels & Hill,* for plaintiffs.

*Du Val & Coffey,* for defendants.

PARKER, J. As a general rule, actual physical possession is necessary to constitute a valid seizure under a writ of *fieri facias* or a writ of attachment, unless there be garnishment proceedings; then service of interrogatories on the garnishee suffices. Section 915 of the Revised Statutes of the United States is as follows: "In common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies by attachment or other process against the property of the defendant which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may from time to time, by general rules, adopt such state laws as may be enforced in the states where they are held, in relation to attachment and other process: provided, that similar preliminary affidavits or proofs and similar security as required by such state laws shall be first fur-

nished by the party seeking such attachment or other remedy." Under the provisions of this law of the United States the federal courts administer the attachment laws of the several states in which they sit, and this court administers the attachment law of the state of Arkansas. The object of the rule requiring actual physical possession to make a valid levy is that by a clear, distinct, positive act in the shape of an actual seizure the purpose to place the property sought to be attached in the custody of the law shall be clearly indicated. But when it is already in the custody of the law such actual seizure for such a purpose is unnecessary. The purpose of the actual seizure has been already accomplished. Section 319 of Mansfield's Digest of the Laws of Arkansas is: "Where there are several orders of attachment against the same defendant they shall be executed in the order in which they were received by the sheriff or other officers." This section provides for successive levies. Section 359 provides: "Where several attachments are executed on the same property, the court, on the motion of any one of the attaching plaintiffs, may order a reference to a commissioner to ascertain and report the amounts and priorities of the several attachments." These sections of the state law of attachments clearly have reference to writs issuing from different courts of co-ordinate jurisdiction, and, by the reason of the existence of section 915 of the Revised Statutes of the United States, it matters not whether these are courts of the state or a federal court sitting in the state. The sections above mentioned also have reference to different writs of attachment issuing from the same court. As was said by the court in *Bates* v. *Days,* 5 McCrary, 345:[1] "Federal and state courts are not foreign courts, or in hostility to each other in administering justice between litigants. The citizen of the state in the federal court is as much in his own court as in the courts of the state." In matters of attachment they are courts of co-ordinate jurisdiction, administering the same laws of the state. I think the sounder rule is, that when the property is already in the custody of the law by virtue of a prior levy of a writ of attachment, issued, say, from a state court, to make a valid levy of a writ of attachment issued by a federal court sitting in that state actual seizure is not necessary. Under such circumstances the property may be constructively seized by the marshal when the law of the state provides for successive levies as well as for a method of settling all priorities of the attachments of the several plaintiffs. When such a seizure is made it is a sufficiently good service of the writ of attachment to enable the plaintiff to ask that the cause of attachment and his case be tried upon their merits, and, if he succeeds in sustaining the cause of attachment and the cause of action upon which it is based, although it may be an execution of the writ of attachment *sub modo,* it will be available to hold the surplus property after the first attachment is satisfied, though the plaintiff after sustaining his attachment and his cause of suit, and thus establishing his lien, may have to go into the court from which the first writ of attachment issued,

[1] 17 Fed. Rep. 167.

and intervene to obtain the proper relief, and to assert such priority of lien as the laws of the state respecting attachments permit.    The principle sustaining the law, as above expressed, is, in my opinion, clearly asserted in *Patterson* v. *Stephenson*, 77 Mo. 329; *Gumble* v. *Pitkin*, 124 U. S. 131, 8 Sup. Ct. Rep. 379; and *Bates* v. *Days*, 5 McCrary, 342, 17 Fed. Rep. 167.

The motion to quash the levy will be overruled.